The Honorable Jim Wood Auditor of State 230 State Capitol Little Rock, Arkansas 72201
Dear Auditor Wood:
I am writing in response to your request for my opinion on the following question:
 This office is in need of an official opinion of the Attorney General concerning the beginning date agreements to recover property under Arkansas Code Annotated § 18-28-225 become void and unenforceable. Is the prohibition in effect with the beginning of the applicable period set forth in Arkansas Code Annotated § 18-28-202(a) or at the end of that period?
RESPONSE
In my opinion, based on the language of A.C.A. § 18-28-225 (Supp. 2003) and A.C.A. § 18-28-202 (Supp. 2003), agreements to recover property are void and unenforceable if formed between the period of time beginning once the property is legally deemed abandoned, i.e. at the end of the applicable time period set forth in A.C.A. § 18-28-202(a), and ending twenty-four months after the property is transferred to the administrator. After this period of time, a contract to recover abandoned property may be formed.
The current Unclaimed Property Act, codified at A.C.A. §§ 18-28-201
through -230 (Supp. 2003), was enacted by Act 850 of 1999. Arkansas Code Annotated § 18-28-202 creates a presumption of legal abandonment when property is unclaimed for a certain period of time. The length of time required to create the legal presumption of abandonment depends on the property at issue. Property is considered unclaimed if the owner of the property has not communicated with the holder of the property concerning the property, either in writing or by some other method of communication that can be memorialized or if the owner of the property has not otherwise indicated an interest in the property. A.C.A. § 18-28-202(c). For example, a traveler's check is considered legally abandoned when it has gone unclaimed for fifteen years since the issuance of the check, A.C.A. § 18-28-202(a)(1), while wages or other compensation for personal services are considered legally abandoned if the compensation is unclaimed for one year, A.C.A. § 18-28-202(a)(11). At the expiration of the time period set forth in A.C.A. § 18-28-202(a), the property is considered legally abandoned.
The General Assembly also enacted limitations on the ability to contract to recover abandoned property in A.C.A. § 18-28-225 (Supp. 2003). Specifically, subsection (a) declares:
 An agreement by an owner, the primary purpose of which is to locate, deliver, recover, or assist in the recovery of property that is presumed abandoned is void and unenforceable if it was entered into during the time period commencing on the date the property was presumed abandoned and extending to a time that is twenty-four (24) months after the date the property is paid or delivered to the administrator.
A.C.A. § 18-28-225 (a). The administrator is the Auditor of State. A.C.A. § 18-28-201 (1) (Supp. 2003). Your question turns on the meaning of the phrase "presumed abandoned" in both A.C.A. § 18-28-202 and A.C.A. § 18-28-225.
The cardinal rule of statutory construction is to give effect to the intent of the legislature. Shipley, Inc. v. Long, ___ Ark. ___, S.W.3d ___ (Oct. 21, 2004). A court will first look at the plain and ordinary language of the statute in question. Jones v. Double "D" Properties,352 Ark. 39, 46, 98 S.W.3d 405 (2003). In this instance, A.C.A. § 18-28-202
specifically informs us when property is to be presumed abandoned.
Property is "presumed abandoned" only upon the satisfaction of two prerequisites in A.C.A. § 18-28-202:
 (1) It must be unclaimed property, meaning the apparent owner has not communicated with the holder concerning the property in a written or otherwise memorialized fashion and has not otherwise indicated an ownership interest in the property, A.C.A. § 18-28-202 (c) (Supp. 2003); and
 (2) It must be unclaimed during a period of time based on the type of property in question. See, e.g. Op. Att'y Gen. 97-107 (noting that property is only presumed abandoned at the expiration of the applicable time period.) (opinion under previous law).
Only after these two factors are met does the statutory presumption of abandonment attach. For example, a traveler's check would not be presumed abandoned 13 years after its date of issuance as the required time period of fifteen years had not yet elapsed under A.C.A. § 18-28-202 (a) (1). If, at any time during the statutorily defined time period, the owner claims the property then it was never abandoned under the law. The legal presumption of abandonment is not completed until the entire time period has expired. Prior to being presumed abandoned, the property is merely unclaimed.
The Unclaimed Property Act is derived from the Uniform Unclaimed Property Act promulgated by the National Conference on the Commissioners of Uniform State Laws. The comments to Section 25 of the Uniform Unclaimed Property Act, A.C.A. § 18-28-225, state:
 This section is intended to enhance the likelihood that the owner of the abandoned property will be located by the efforts of the State, and will receive a return of the property without payment of a "finder's fee." In the past, it appears to have been the practice in many States for unclaimed property locators or heir finders to utilize the State's list of names and addresses of missing owners to contact them and propose to find their property for them for a fee, before the State has had an opportunity to locate the missing owners. Some States have enacted legislation that prohibits examination of these lists by anyone except the apparent owner or other person having a legal interest in the property, but in many States that kind of provision may be in conflict with the State's public record laws.
Uniform Unclaimed Property Act § 25 comment (1995).
I opine that the language of A.C.A. § 18-28-202, in a plain and unambiguous manner, states that property is not presumed abandoned until the expiration of the applicable time period. Therefore, it is my opinion that a contract to recover abandoned property is void and unenforceable under A.C.A. § 18-28-225 beginning at the expiration of the time period listed for the appropriate type of property in A.C.A. § 18-28-202 and continuing until twenty-four months after the presumed abandoned property is paid or delivered to the Auditor of State. After this period, a contract with the owner to recover presumed abandoned property may be formed, in my opinion.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh